**THREE–M ENTERPRISES, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 75–1791.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 20, 1976.

Decided Jan. 13, 1977.

E. Nordell Weeks, Salt Lake City, Utah (George M. McMillan and Ted Boyer, Salt Lake City, Utah, on the brief), for defendant-appellant.

Paul Blankenstein, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Ramon M. Child, U. S. Atty., Salt Lake City, Utah, and William Kanter and

Frederic D. Cohen, Dept. of Justice, Washington, D. C., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Chief Judge.

Plaintiff Three-M Enterprises, Inc. appeals the order of the district court of the District of Utah dismissing its suit against the government under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, for unlawful detainer. The district court dismissed the suit for lack of jurisdiction because plaintiff had failed to exhaust an administrative appeal since it had not filed a proper administrative claim within the meaning of 28 U.S.C. § 2675(a). For the reasons hereinafter stated we affirm the district court's order dismissing this suit for lack of jurisdiction.

The dispute in this case arose out of a rental agreement entered into during 1967 between plaintiff and the government, pursuant to which the government leased plaintiff's property for use as a post office at a monthly rent of $81.00. In 1973 the government quit making rent payments apparently to pay for repairs made by it on the premises. On October 4, 1974, plaintiff served a "Notice to Pay Rent or Quit Premises" upon the Postal Manager of the post office in plaintiff's building. The Notice demanded that the government either pay $495.60 in back rent or vacate the premises within three days. The Notice also said that if the rent was not paid or the premises were not vacated within three days, a suit would be commenced against the government for unlawful detainer.

On October 10, 1974, the Senior Assistant Regional Counsel for the Postal Service in San Bruno, California, sent a letter to plaintiff's counsel acknowledging receipt of the Notice, claiming the rent was properly being withheld to pay for repairs plaintiff had refused to make, and saying the government would "vigorously defend" any attempt to remove it from the leased premises. Plaintiff filed suit for unlawful detainer on November 13, 1974, seeking $576.60 in back rent, treble the reasonable monthly rental value of the premises (allegedly $400) beginning October 4, 1974, a writ of eviction, and an order terminating the rental agreement. The district court granted the government's motion to dismiss the suit for lack of jurisdiction.

The basic issue raised by this appeal is whether the Notice to Quit constituted a claim against the United States as contemplated by 28 U.S.C. § 2675(a). That statute in pertinent part reads:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Plaintiff contends the Notice to Quit constituted such an administrative claim, and the letter sent by the Regional Counsel's office operated as a denial of that claim.

It is well settled that the United States, as sovereign, is immune from suit except as it consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058. The United States has consented to be sued for torts in the Federal Tort Claims Act. 28 U.S.C. § 1346(b). But as a prerequisite to suit under the Act, 28 U.S.C. § 2675(a) requires that the claim first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is jurisdictional and cannot be waived. *Bialowas v. United States*, 3 Cir.,

443 F.2d 1047, 1049. Moreover, the procedures established pursuant to the Act must be strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity. *Pennsylvania v. National Ass'n of Flood Insurers*, 3 Cir., 520 F.2d 11, 20.

■ The facts in this case present an unusual situation. The Utah Unlawful Detainer Statute, Utah Code Ann. § 78–36–3 (1953), says that a person is guilty of an unlawful detainer only when he continues in possession for three days after the service of a Notice to Pay Rent or Quit Premises in writing. Thus, no unlawful detainer had taken place and no tort had been committed at the time the Notice was served. By relying on the Notice as an administrative claim for the purposes of section 2675(a), plaintiff is contending the government can be notified of a tort before its commission.

A similar argument was impliedly rejected in *Best Bearings Co. v. United States*, 7 Cir., 463 F.2d 1177. In *Best*, the plaintiff predicated its Federal Tort Claims Act suit on the alleged conversion by the government of ball bearings taken from the plaintiff. The plaintiff made demand upon the government for return of the bearings subsequent to the government's taking of the bearings. Since the tort of conversion is not committed until the possessor refuses the owner's request for return, no tort had been committed at the time the request for return was made upon the government. The court held "[t]he request for return of the bearings was not presentation of plaintiff's claim to the government agency as required by § 2675(a) . . . ." *Id.* at 1179.

Likewise, in the instant case we hold that plaintiff's Notice to Quit is not an administrative claim within the meaning of section 2675(a). A notice to the government that it may commit a tort in the future if certain events occur does not satisfy the requirements of section 2675(a). Notice of a tort cannot be given before it occurs, therefore plaintiff's Notice to Quit cannot serve as an adequate and proper claim for damages under the Federal Tort Claims Act. The Re-

gional Counsel's treatment of the Notice has no bearing on the status of the Notice as an administrative claim since the presentation requirement is jurisdictional and cannot be waived.

Affirmed.