968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delbert C. MINNIS, Plaintiff-Appellant,
v.
UNITED STATES GOVERNMENT, Secretary of State, James A.
Baker; and Edward J. Derwinski, Defendants-Appellees.
 No. 91-6318.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 BARRETT, Circuit Judge
 
 2
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Delbert C. Minnis (Minnis), appearing pro se, appeals from the district court's Order dismissing his complaint for failure to state a claim upon which relief can be granted or to otherwise establish jurisdiction in the federal forum pursuant to Fed.R.Civ.P. 12(b)(1)(6). We agree.
 
 
 4
 In very general allegations, Minnis contends that he was subjected to sexual harassment during a four-year period that he was employed at the Veterans Administration Hospital in Oklahoma City, Oklahoma. On this appeal, he alleges "This is 100% a sexual harassment case. All 24 of my V.A. complaints were these four men David Moore, Gary Field, Frank Sheridan, Charles Painter making indecent gestures on the front of their pants and when they were reported others retaliated with various reprisals. It was bad when the hospital staff got into the act. I was forced off my job by Personnel Chief Richard Campbell who gave me notice leave or a proposal for your removal will be issued which I felt was unfair." Appellant's Opening Brief, p. 2.
 
 
 5
 The above recitation is the clearest of all specific allegations contained in Minnis' pleadings, and it fails to allege time, place and circumstances sufficient to present a legally cognizable claim either as a constitutional claim or one under the Federal Tort Claims Act. Furthermore, Minnis seeks and demands relief of $20 million "from the United States and the Head of the Veterans Administration...." Id. at p. 4. 28 U.S.C. § 2675 requires that a claimant alleging specific tortious conduct for which he is entitled to recovery against the United States must first present his claim to the appropriate federal agency as a prerequisite to maintenance of a tort action against the United States. Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir.1992); Pipkin v. U.S. Postal Service, 951 F.2d 272 (10th Cir.1991); Three-M Enterprises, Inc. v. United States, 548 F.2d 293 (10th Cir.1977). Minnis has not demonstrated that he has filed an administrative claim with the appropriate federal agency under the Federal Tort Claim Act.
 
 
 6
 Minnis' motion for expeditious and immediate consideration of this appeal is mooted by this judgment.
 
 
 7
 We affirm the dismissal of Minnis' Complaint and cause of action substantially for the reasons set forth in the district court's Order of August 20, 1991, a copy of which is attached hereto.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3