52 F.3d 338
 6 NDLR P 213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eduardo M. LUCERO, Plaintiff-Appellant,
v.
Richard RILEY, Secretary, United States Department of
Education; United States of America, Defendants-Appellees.
 No. 94-1172.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Eduardo M. Lucero appeals the district court's dismissal of his employment discrimination complaint. Because Mr. Lucero did not file an administrative claim as required by the Federal Tort Claims Act (FTCA), and because he failed to present evidence of discrimination, we affirm.
 
 
 4
 Mr. Lucero is a Mexican-American male who suffers from a back impairment. He possesses a law degree, and was employed by the United States Department of Education from 1980 to 1991 in several law-related positions. In June 1989, David Dunbar, the chief civil rights attorney for whom Mr. Lucero worked, noted that Mr. Lucero made recurring citation errors in his legal work. In April 1990, Mr. Dunbar's interim rating indicated that Mr. Lucero "failed to meet" the objective of filing incoming periodicals in binders. Apparently, the relationship deteriorated between the two men, culminating in an altercation in October 1990.
 
 
 5
 Mr. Lucero filed a discrimination complaint with the Equal Employment Opportunity staff (EEO) for the Department of Education. He alleged that both the Regional Director and the Chief Civil Rights Attorney discriminated against him on the basis of his national origin, sex, age, and physical handicap, identifying several incidents that he believed were motivated by discrimination. These included the alleged assault and the allegedly fraudulent interim rating. The EEO sent Mr. Lucero a letter framing only the employment-related issues within its jurisdiction. Mr. Lucero failed to submit a separate tort claim regarding the alleged assault and fraud.
 
 
 6
 Mr. Lucero filed this action in the United States District Court for the District of Colorado in October 1991, alleging that (1) Mr. Dunbar assaulted him on October 23, 1990; and (2) despite Mr. Dunbar's disclaimer of authority to evaluate Mr. Lucero, he fraudulently gave Mr. Lucero negative appraisals. The complaint alleged that both actions were taken because Mr. Lucero is Mexican-American, male, and physically handicapped. No allegations were made regarding Regional Director Lillian Gutierrez. Two years later, Mr. Lucero sought to amend his complaint to include a constructive discharge claim.
 
 
 7
 In March 1992, the EEO issued a decision finding that Mr. Lucero's discrimination complaint failed to state a claim, without mention of the assault and fraud allegations. On appeal, the Equal Opportunity Commission held that the assault and fraud allegations were properly rejected because they were the subject of the pending federal action.
 
 
 8
 Meanwhile, the federal district court dismissed, for lack of jurisdiction, any portion of Mr. Lucero's complaint seeking tort damages, based on his failure to submit an administrative claim to the Department of Education. The court granted summary judgment on Mr. Lucero's employment discrimination claims, holding that he did not show a prima facie case of discrimination based on national origin, sex, or handicap. Mr. Lucero's motion to amend his complaint was denied.
 
 
 9
 We review de novo the dismissal of an FTCA complaint for lack of jurisdiction. See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir.1992). Our review of a summary judgment granted in an employment discrimination case is also de novo. See Thomas v. International Business Machs., No. 93-6062, 1995 WL 70248, at * 4 (10th Cir. Feb. 21, 1995). The denial of a motion to amend a complaint is reviewed for an abuse of discretion. Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir.1991).
 
 
 10
 Before a plaintiff may sue the federal government or one of its employees in tort, he must present an administrative claim to the responsible federal agency. 28 U.S.C. 2675(a). The claim must provide "written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. 14.2. This prerequisite is jurisdictional in nature. Cizek, 953 F.2d at 1233. Because the FTCA waives the government's sovereign immunity, the notice requirement must be strictly construed. Id.
 
 
 11
 Mr. Lucero argues that his discrimination complaint was sufficient to meet the FTCA's administrative claim requirements. Although the complaint may have alerted the government to the alleged assault and fraud, it did not request a sum certain. "Failure to comply with the sum certain requirement results in the case being treated 'as if no administrative claim had ever been filed.' " Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 271 (10th Cir.1991)(quoting Caidin v. United States, 564 F.2d 284, 287 (9th Cir.1977)). As Mr. Lucero did not meet the administrative claim requirements, the tort claims were properly dismissed. See Kendall v. Watkins, 998 F.2d 848, 852 (10th Cir.1993)(holding that letters requesting "reinstatement, back pay, front pay, damages for alleged blacklisting, and disciplinary action against certain federal employees," did not request a sum certain, and thus did not present an adequate claim), cert. denied, 114 S.Ct. 1075 (1994).
 
 
 12
 We now examine whether summary judgment was properly granted on Mr. Lucero's employment discrimination claims. Although his brief discusses a wide range of conduct by several of Mr. Lucero's supervisors, his complaint and supporting documentation were limited to two actions taken by Mr. Dunbar: the June 28, 1989, note regarding Mr. Lucero's citation errors, R. I, doc. 3 at D-8, and the April 16, 1990, interim rating that Mr. Lucero "failed to meet" the objective of filing periodicals in binders, id. at C-2.
 
 
 13
 Section 501 of the Rehabilitation Act of 1973, codified as 29 U.S.C. 791, protects federal employees from discrimination on the basis of handicap. Johnson v. United States Postal Serv., 861 F.2d 1475, 1477-78 (10th Cir.1988), cert. denied, 493 U.S. 811 (1989). This section incorporates the standards enacted in Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111-12117. 29 U.S.C. 791(g). Under these standards, an employee must show that (1) he is disabled; (2) he is qualified, that is, he can perform the essential functions of the job with or without accommodation; and (3) the employer's personnel action was taken because of his disability. White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir.1995).
 
 
 14
 Assuming that Mr. Lucero is "a qualified individual with a disability," 12112(a), we agree with the district court that there is absolutely no evidence in the record from which a reasonable person could conclude the negative performance appraisals were motivated by Mr. Lucero's disability. The mere fact that Mr. Lucero has a disability and that he received the appraisals, without more, is insufficient to raise a factual dispute regarding causation. See Meredith v. Beech Aircraft Corp., 18 F.3d 890, 897 (10th Cir.1994)(holding that proof of lawsuit against employer and subsequent termination of employee, without more, did not demonstrate causal connection sufficient to defeat motion for summary judgment).
 
 
 15
 Mr. Lucero's remaining discrimination claims suffer from the same deficiency. To make a prima facie case that his negative performance appraisals were due to his national origin or gender, Mr. Lucero was required to show that (1) he belonged to a protected group; (2) his job performance was satisfactory; (3) adverse employment actions were taken against him; and (4) comparable employees who were not members of the protected group were not subjected to comparable adverse employment actions. See, e.g., Thomas, 1995 WL 70248 at * 5 (modifying discrimination requirements when plaintiff alleged that she received poor evaluations because of her age).
 
 
 16
 The record is completely devoid of evidence regarding the second and fourth elements. Nowhere does Mr. Lucero claim that he did not commit the noted citation errors, or that he completed his task of timely filing the periodicals. Further, there is nothing to show that fully successful appraisals were given to white or female employees who performed comparable work. Even if we assume that Mr. Lucero has made a prima facie case, there is no evidence from which a reasonable person could conclude that Mr. Dunbar's appraisals were merely a pretext for discrimination. See, e.g., Fallis v. Kerr-McGee Corp., 944 F.2d 743, 747 (10th Cir.1991)(holding evidence of inaccurate performance evaluation, standing alone, insufficient to show pretext). The district court, therefore, was correct in granting summary judgment in favor of the government.
 
 
 17
 Finally, we hold the district court did not abuse its discretion in denying Mr. Lucero's motion to amend his complaint. The motion, seeking to add a constructive discharge claim, was made almost two years after the complaint was first filed, and eighteen months after Mr. Lucero left the Department of Education. Discovery had nearly been completed at that time. The motion to amend, therefore, was untimely, and the court did not abuse its discretion in denying it. See Woolsey, 934 F.2d at 1462. Amendment of the complaint would have been futile in any event because Mr. Lucero has not presented the constructive discharge claim to the EEO and thus has not exhausted his remedies. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962)(noting that futility provides basis for denying leave to amend complaint).
 
 
 18
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470