F I L E D
United States Court of Appeals
Tenth Circuit

JUL 24 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSEL LEE SINGLETARY,

 Plaintiff - Appellant,

v.

VERN LUKEHART, Deputy Marshal,
U.S. Marshal Service, Des Moines, Iowa;
BILL GRAS, Warden CCA, Lansing
Kansas; CARROL ST. CLAIR, RN, CCA
Lansing, Kansas, individually and in her
official capacity; DR. BOWLIN, contract
physician of CCA, Lansing, Kansas.

 Defendants - Appellees..

No. 98-3137
(D.C. No. 97-CV-3102-GTV)
(KANSAS)

**ORDER AND JUDGMENT***

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

 Russel Lee Singletary appeals the dismissal of his pro se civil rights action seeking

redress under the Eighth Amendment. In the district court he asserted he was subjected to

cruel and unusual punishment because of medical treatment for an injury he received

---

 * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

while confined. After examining the briefs and the record, we have determined unanimously that oral argument will not materially assist the determination of this appeal. The case is therefore submitted on the briefs. *See* Fed. R. App. P. (34)(a); 10th Cir. R. 34.1.9.

Although the district court dismissed Mr. Singletary's complaint because he failed to show he had been treated with deliberate indifference, the court nonetheless granted him leave to appeal without prepayment of fees, assessing partial payment over time. We remind Mr. Singletary that regardless of the outcome of the appeal, he is obliged to pay the entire fee in compliance with the order of the district court.

Our review leads us to the conclusion the district court did not err. Given the most liberal construction of the allegations made by Mr. Singletary, his claims would rise only to the level of simple negligence. Those claims, therefore, cannot constitute a valid Eighth Amendment complaint. For the reasons given in its order of dismissal, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge