**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STANLEY B. BOEHME;
SYLVIA T. BOEHME,

       Plaintiffs-Appellants,

v.

UNITED STATES POSTAL
SERVICE, as successor to the
United States Post Office Department
of the United States of America and
All Other Occupants of the property
located at 2641 E. Uintah, Colorado
Springs, Colorado 80909,

       Defendant-Appellee.

No. 02-1443

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 01-N-1237 (CBS))**

Submitted on the briefs:

John Randolph Torbet, Colorado Springs, Colorado, for Plaintiffs-Appellants.

John W. Suthers, United States Attorney, Kathleen L. Torres, Assistant United
States Attorney, Elizabeth A. Weishaupl, Assistant United States Attorney,
Denver, Colorado, for Defendant-Appellee.

Before **EBEL**, **PORFILIO**, and **McCONNELL**, Circuit Judges.

**EBEL** , Circuit Judge.

Plaintiffs Stanley B. Boehme and Sylvia T. Boehme appeal from the district court's dismissal of their complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Our jurisdiction arises under 28 U.S.C. § 1291, and we review a dismissal for lack of subject matter jurisdiction de novo. *King v. United States* , 301 F.3d 1270, 1273 (10th Cir. 2002), *cert. denied* , 123 S. Ct. 2572 (2003). We affirm. [1]

I.

Defendant United States Postal Service (Postal Service) operates a post office facility in Colorado Springs, Colorado, in a building that it leases from plaintiffs. The lease contains a "Tax Rider Clause" which provides that the Postal Service has the duty to pay the real property taxes due on the leased property as additional rent. This case involves a dispute between the parties regarding the payment of real property taxes allegedly due on the leased property, and plaintiffs alleged the following in their complaint:

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

10. That the Plaintiffs gave due notice of the amount of real property taxes due for the year 2000 to the [Postal Service]. However, the [Postal Service] failed and refused to pay such taxes.

11. That on or about May 23, 2001 a demand for rent or possession of premises on behalf of Plaintiffs was duly served upon the [Postal Service] . . . .

12 . That said demand provided, pursuant to the law of the State of Colorado, specifically [Colo. Rev. Stat. §] 13-40-106, that the [Postal Service] would have three (3) days to either comply with the demand (i.e., pay Plaintiffs the taxes) or surrender possession of the premises by virtue of the Plaintiffs' termination of the lease.

13. That the [Postal Service] failed and refused to tender or pay the amount of the taxes due as rent within said period.

14. That pursuant to the law of the State of Colorado, specifically [Colo. Rev. Stat. §] 13-40-104(1)(d) the continued possession of the [Postal Service] amounts to an unlawful detainer of the real property described above.

15. That the Plaintiffs are entitled to a judgment of this Court finding and determining that the Plaintiffs are entitled to possession of the above described real property.

Aplt. App. at 10-11, ¶¶ 10-15. In their request for relief, plaintiffs then sought

the following relief:

Plaintiffs demand judgment against the Defendants finding and concluding that the Lease . . . has been duly terminated . . . .; that the continued occupation of the premises by the [Postal Service] is unlawful; and for an order granting the right of possession to said premises to the Plaintiffs; and further for additional orders awarding the Plaintiffs damages in the form of the fair market value of the possessory interest in such property together with attorney's fees, costs and interest . . . .

*Id.* at 12.

The Postal Service filed a motion to dismiss plaintiffs' complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Relying on this court's decision in *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294-95 (10th Cir. 1977) (holding, in case involving alleged default by government in payment of rent for property leased for use as a post office, that district court lacked subject matter jurisdiction over statutory unlawful detainer action brought against the United States under Utah law because the landlord plaintiff had failed to exhaust its administrative remedies under the Federal Tort Claims Act), the Postal Service argued that plaintiffs' statutory action for unlawful detention under Colo. Rev. Stat. § 13-40-104(1)(d) sounds in tort and is thus subject to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-80. According to the Postal Service, plaintiffs were therefore required by 28 U.S.C. § 2675(a) to exhaust their administrative remedies against the Postal Service before filing a district court action against the United States under 28 U.S.C. § 1346(b)(1), which they failed to do. Because the FTCA's administrative exhaustion requirement is jurisdictional and cannot be waived, *Three-M Enterprises*, 548 F.2d at 294, the Postal Service requested that the district court dismiss plaintiffs' unlawful detention action for lack of subject matter jurisdiction.

At a hearing before the district court on the Postal Service's motion to dismiss, the court granted the motion and dismissed plaintiffs' complaint. The

district court gave two reasons for its ruling. First, because this court decided *Three-M Enterprises* several years after Congress enacted the Postal Reorganization Act (PRA), 39 U.S.C. § 101, *et seq.*, (effective 1971), the court rejected plaintiffs' argument that the general grant of jurisdiction provided to the district courts by 39 U.S.C. § 409(a) "over all actions brought by or against the Postal Service" implicitly overruled this court's decision in *Three-M Enterprises*. Aplt. App. at 67. Second, the court noted that § 409(c) expressly provides that the requirements of the FTCA apply to tort claims arising out of activities of the Postal Service. *Id.* at 68. Without analyzing the issue of whether plaintiffs' statutory claim for unlawful detention under Colorado law was a tort or contract claim, the court then determined that it was bound by this court's decision in *Three-M Enterprises* because it "is on point, has not been overruled, and is controlling." *Id.*

## II.

"It is well settled that the United States, as sovereign, is immune from suit except as it consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." *Three-M Enterprises*, 548 F.2d at 294. In this case, the sovereign immunity issues turn on two provisions in the PRA. The first provision is 39 U.S.C. § 401(1), and it provides that the Postal Service has the general power "to sue and be sued in its

-5-

official name." In *Kennedy Elec. Co. v. United States Postal Serv.*, 508 F.2d 954, 955, 957 (10th Cir. 1974), a case involving a breach of contract action brought by a private subcontractor against the Postal Service, we recognized that § 401(1) grants the Postal Service the power to sue and be sued, and that "it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued,' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." (quoting *FHA v. Burr*, 309 U.S. 242, 245 (1940)). Further, both the Supreme Court and several of our sister circuits have made it clear that § 401(1) constitutes a general waiver of the Postal Service's sovereign immunity. *See Loeffler v. Frank*, 486 U.S. 549, 554-56 (1988); *Davric Maine Corp. v. United States Postal Serv.*, 238 F.3d 58, 61 (1st Cir. 2001); *Global Mail Ltd. v. United States Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998); *United States v. Q Int'l Courier, Inc.*, 131 F.3d 770, 775 (8th Cir. 1997). We also note that the waiver in § 401(1) "must be liberally construed and . . . the Postal Service's liability must be presumed to be the same as that of any other business." *Loeffler*, 486 U.S. at 556; *see also Davric*, 238 F.3d at 61 (noting that "the PRA established the Postal Service as a quasi-public entity that was to compete on essentially level ground with private enterprise").

The second provision of the PRA relating to sovereign immunity is 39 U.S.C. § 409(c), and it provides that "[t]he provisions of [the FTCA] and all other provisions of Title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." Although this court has not previously had an occasion to address the interplay between §§ 401(1) and 409(c), we agree with our sister circuits that "§ 409(c) of the PRA limits the scope of the more general waiver of sovereign immunity contained in § 401(1)," *Davric*, 238 F.3d at 62, and that "[f]or state tort claims arising out of the activity of the Postal Service, § 409(c) compels the application of the FTCA and its attendant provisions," *id.*; *accord Global Mail*, 142 F.3d at 215 (holding that § 409(c) "restrict[s] § 401(1)'s general waiver of sovereign immunity . . . by requiring claimants to follow FTCA procedures for those claims cognizable under the FTCA"); *Q Int'l Courier*, 131 F.3d at 775 (same); *see also* 28 U.S.C. § 2679(a) (providing that claims against "sue and be sued" federal agencies must be brought under the FTCA if the claims are "cognizable" under the FTCA).

Consequently, the dispositive issue in this case is whether plaintiffs' unlawful detention action under Colo. Rev. Stat. § 13-40-104(1)(d) must be treated as a state-law tort claim, in which case, under § 409(c), the FTCA's administrative exhaustion requirement would apply, or, alternatively, whether the action must be treated as a state-law breach of contract claim, in which case,

-7-

under § 401(1), there would be a general waiver of sovereign immunity and the Postal Service could be sued directly without any exhaustion requirement. Because the source of the government's substantive liability under the FTCA is state law, *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (construing former 28 U.S.C. § 1346(b), which is now codified at 28 U.S.C. § 1346(b)(1)), the determination of how to characterize Colorado's statutory unlawful detention action for purposes of §§ 401(1) and 409(c) is likewise a matter of state law. Unfortunately, our research has not uncovered any Colorado decisions that provide a definitive answer as to whether § 13-40-104(1)(d) sounds in tort or contract. As a result, we must predict how the Colorado Supreme Court would rule. *FDIC v. Schuchmann*, 235 F.3d 1217, 1225 (10th Cir. 2000). In doing so, "we are free to consider all resources available, including decisions of [Colorado] courts, other state courts and federal courts, in addition to the general weight and trend of authority." *Id.* Having thoroughly analyzed the relevant authorities, we predict that the Colorado Supreme Court, if faced with the issue, would determine that § 13-40-104(1)(d) sounds in tort.

As noted above, the district court concluded that our decision in *Three-M Enterprises* conclusively determined that state-law unlawful detention actions such as the one here sound in tort. However, we agree with plaintiffs that our decision in *Three-M Enterprises* did not specifically address the issue of whether

Utah's statutory unlawful detention action sounded in tort or contract, and it appears that both the parties and this court simply assumed that the action sounded in tort. Nonetheless, while not dispositive, we believe our decision in *Three-M Enterprises* is persuasive given the similarities between the Utah statute at issue in that case and the Colorado statute at issue in this case. *Compare* Utah Code Ann. § 78-36-3(3) (1953), *with* Colo. Rev. Stat. § 13-40-104(1)(d) (2002). Moreover, we note that our decision in *Three-M Enterprises* is over twenty-five years old, and, to our knowledge, not a single court or commentator has questioned the necessary assumption underlying the decision that Utah's statutory unlawful detention action sounds in tort.

We need not rely exclusively on our decision in *Three-M Enterprises*, however, because the Colorado Supreme Court's en banc decision in *City & County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759 (1992) convinces us that the Colorado Supreme Court would determine that § 13-40-104(1)(d) sounds in tort. In *Desert Truck*, the court determined that a replevin action under Colo. R. Civ. P. 104 to obtain possession of personal property that was initially obtained by a third party lawfully, but that had been wrongfully detained, sounds in tort and is therefore subject to Colorado's Governmental Immunity Act if asserted against a state entity. *Desert Truck*, 837 P.2d at 763-65. In reaching its holding, the court emphasized that "[t]he object of a replevin action is to

determine the right of possession," *id.* at 764, and the court rejected decisions from other jurisdictions that "have refused to identify replevin as a tort," *id.*, concluding instead that a "claim that . . . property is 'wrongfully' detained sounds in tort and is or could be a tort," *id.* at 765.

Colo. Rev. Stat. § 13-40-104(1)(d) is part of Colorado's Forcible Entry and Detainer statute. While the statute provides for monetary claims for past due rent, present and future damages, and reasonable costs and attorney's fees, *see* Colo. Rev. Stat. §§ 13-40-110(1), 13-40-115(2), and 13-40-123, the primary purpose of the statute is to restore possession of disputed real property to the person or entity with the superior right to possess the property. *See* Colo. Rev. Stat. § 13-40-110(1) (providing that "[a]n action under this article is commenced by filing with the court a complaint in writing describing the property with reasonable certainty, the grounds for recovery thereof, the name of the person in possession or occupancy, and a prayer for recovery of possession"); Colo. Rev. Stat. § 13-40-115(2) (providing that, after issue of whether defendant committed an unlawful detention is tried and determined adversely to defendant, "court shall enter judgment for the plaintiff to have restitution of the premises and shall issue a writ of restitution"); *see also Petry v. City & County of Denver*, 233 P.2d 867, 870 (Colo. 1951) (en banc) (discussing prior version of Colorado's unlawful detainer statute and noting that proceedings thereunder "involve solely

-10-

the right to possession").  Further, the Colorado Supreme Court has recognized that § 13-40-104(1)(d) is "designed to provide landlords with an expeditious method of gaining possession of their premises following a . . . breach of a lease." *Francam Bldg. Corp. v. Fail*, 646 P.2d 345, 348 (Colo. 1982) (en banc).

For purposes of this case, the only material difference under Colorado law between a replevin action and an unlawful detention action is that the former involves personal property, while the latter involves real property.  Accordingly, based on its decision in *Desert Truck*, and the similarities between a replevin action under Colo. R. Civ. P. 104 and an unlawful detention action under Colo. Rev. Stat. § 13-40-104(1)(d), we predict that the Colorado Supreme Court would conclude that an unlawful detention action sounds in tort.  That said, we must emphasize that, as the paragraphs quoted above from plaintiffs' complaint demonstrate, plaintiffs relied exclusively on § 13-40-104(1)(d) and the related provisions under Colorado's Forcible Entry and Detainer statute for their cause of action in this case.  *See* Aplt. App. at 10-11, ¶¶ 10-15, 12.  Our holding in this case is thus quite limited, and we do not by this decision intend to comment in any way concerning what the outcome of this case would have been if plaintiffs had asserted a common law breach of contract claim or some other type of non-tort remedy under Colorado law.

-11-

Finally, plaintiffs argue that subjecting their unlawful detention claim to the FTCA violates Colorado's economic loss rule. The Colorado Supreme Court's "formulation of the economic loss rule is that a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such breach absent an independent duty of care under tort law." *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269 (Colo. 2000) (en banc). The Colorado Supreme Court has also recognized, however, "that certain common law claims that sound in tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim." *Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1256, 1263 (Colo. 2000) (en banc) (citing *Brody v. Bock*, 897 P.2d 769, 776 (Colo. 1995) (holding that common law fraud claim is based on violation of a duty independent of contract); *Keller v. A.O. Smith Harvestore Prods., Inc.*, 819 P.2d 69, 73 (Colo. 1991) (holding that negligent misrepresentation is a tort claim based "not on principles of contractual obligation but on principles of duty and reasonable conduct")). According to the court:

> In these situations where we have recognized the existence of a duty *independent* of any contractual obligations, the economic loss rule has no application and does not bar a plaintiff's tort claim because the claim is based on a recognized independent duty of care and thus does not fall within the scope of the rule.

*Town of Alma,* 10 P.3d at 1263.

-12-

In this case, there is no question that plaintiffs' unlawful detention claim is based on the Postal Service's alleged breach of the parties' lease agreement. It is also undisputed that plaintiffs have suffered only economic losses as a result of the alleged breach. Nonetheless, we conclude that Colorado's economic loss rule has no application to this case. By enacting Colorado's Forcible Entry and Detainer statute and, more specifically, Colo. Rev. Stat. § 13-40-104(1)(d), the Colorado legislature has provided a statutory remedy to landlords that "exist[s] independent of a breach of contract claim." *Town of Alma,* 10 P.3d at 1263. And, while the statutory remedy has not necessarily created a tort "duty" that exists independent of any contractual obligations, as is the case, for example, with common law fraud and negligent misrepresentation claims, the principle is the same. Specifically, there is no question that, under Colorado law, a landlord may simultaneously pursue both his statutory and his contract remedies to recover the same economic losses, and this is true regardless of whether the statutory remedy is characterized as a tort or a contract action. Thus, the question of whether to characterize the statutory remedy as being in tort or contract is only germane to the issue of how the remedy is to be treated for purposes of the FTCA, and the economic loss rule has no application to this case.

The judgment of the district court is AFFIRMED.