**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL LEE SINGLETARY,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 03-3123

(D. Kansas)

(D.C. No. 99-CV-2270-MLB)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, and **ANDERSON** and **BRORBY** , Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Russell Singletary, proceeding pro se, appeals an order of the district court dismissing for lack of subject matter jurisdiction his claim against the United States brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 - 2680 ("FTCA").  We affirm.

## BACKGROUND

Singletary was convicted of bank robbery and sentenced to a term of 180 months, to be served at the federal penitentiary in Leavenworth, Kansas.  On July 10, 1996, Deputy United States Marshals Vern Lukehart, Shawn Palmer and Ernest Weatherington transported Singletary and six or seven other prisoners from Iowa to Kansas, making an interim stop at the Corrections Corporation of America ("CCA"), a private detention center near the Leavenworth penitentiary.

Singletary arrived at the CCA in full body restraints, with his hands cuffed together and secured to a chain around his waist, and his ankles shackled together. Upon arrival at the CCA, Deputy Lukehart escorted Singletary to a small holding cell containing a concrete bench approximately twenty inches high, seven feet long, and three and one-half feet wide.  A mattress lay on top of the bench.  In order to remove the restraints, Deputy Lukehart ordered Singletary to kneel on the concrete bench. While attempting to do so, Singletary fell forward and, unable to block his fall because his hands were restrained, he struck his head on the

concrete wall, allegedly causing a variety of injuries. Singletary asserts that Lukehart negligently failed to help him or prevent him from falling, and ignored and/or minimized the severity of his injuries. Although he was seen on several occasions by medical personnel, Singletary alleges his injuries were inadequately treated, causing him permanent disabilities.

On May 6, 1999, Singletary filed a complaint in the Leavenworth County district court against Lukehart; Bill Graf, the former warden of the CCA; Carol St. Clair, a registered nurse at the CCA; and Dr. Bowlin, a doctor at the CCA, all in their individual capacities. [1] On June 14, 1999, the United States removed that action to federal court. On September 7, 1999, the United States filed its notice of substitution, substituting the United States for Lukehart, the only federal employee named in Singletary's complaint. On September 29, the court entered an order substituting the United States for Lukehart.

Singletary then filed three motions to remand the case to state court, all of which were denied. Graf, St. Clair and Bowlin (the "CCA defendants") filed a motion to dismiss on the ground that Singletary failed to file his complaint within

---

[1]This is the second action Singletary has filed based upon his fall at the CCA. On March 24, 1997, he filed an action in the United States District Court for the District of Kansas alleging that he was provided inadequate medical care in violation of his Eighth Amendment rights. The district court dismissed his complaint because he failed to show that he had been treated with deliberate indifference. We affirmed that decision. Singletary v. Lukehart, No. 98-3137, 1998 WL 450158 (10th Cir. July 24, 1998).

the applicable statute of limitations, and the United States filed a motion to dismiss for failure to exhaust administrative remedies.[2] The district court denied the United States' motion to dismiss for failure to exhaust, but dismissed all claims against the CCA defendants because the action had not been filed within the two-year statute of limitations applicable to Singletary's complaint alleging injuries resulting from the negligent medical care provided by the CCA defendants.

Singletary's claim against the United States was tried to the district court on July 30, 2002. Following the trial, the court sua sponte raised the issue of the applicability of the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). The court ordered the parties to simultaneously brief the issue and, on March 28, 2003, the court entered a final judgment dismissing this action after concluding that the discretionary function exception to the FTCA deprived the court of subject matter jurisdiction. This pro se appeal followed.

---

[2]As a prerequisite to bringing an action under the FTCA, a claimant must present an administrative tort claim to the appropriate federal agency. 28 U.S.C. § 2675(a). That claim must be submitted to the appropriate agency within two years of the incident giving rise to the claim. 28 U.S.C. § 2401(b).

## DISCUSSION

Singletary argues that a default judgment should be entered against the CCA defendants and the United States "because of their failure to answer or otherwise defend against this action in a timely manner." Pl.'s Opening Br. at 5. [3] He further argues the court erred both in removing this action from state court to federal court and in failing to remand the matter back to state court once it determined it lacked subject matter jurisdiction over his FTCA claim. Finally, Singletary argues the district court erred in finding that the discretionary function exception to the FTCA's waiver of sovereign immunity applies.

---

[3]It is unclear what Singletary's argument is with respect to the CCA defendants. As indicated, the district court dismissed his complaint against them because he failed to file his complaint within the applicable statute of limitations. He makes no argument about that dismissal. Other than his vague single sentence about the necessity for a default judgment to be entered against the CCA defendants because of their "failure to answer or otherwise defend against this action in a timely manner," Pl.'s Opening Br. at 5, he fails to develop any argument about the CCA defendants. We accordingly do not further address the CCA defendants.

Singletary similarly fails to develop any argument or cite any authority relating to his assertion that the district court erred in failing to enter a default judgment against the United States. Were we to address it, we would conclude that the district court did not err when it concluded that the United States had shown sufficient cause for its failure to file a timely responsive pleading, such that the court correctly determined that no default judgment would be entered.

## I. Removal and Remand

Singletary sued Lukehart for his negligent conduct performed in his official capacity as a Deputy United States Marshal, an agent of the United States. "'When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.'" Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996) (quoting Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989)). Under well established principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Dalm, 494 U.S. 596, 608 (1990) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)) (further quotation omitted); see also Boehme v. U.S. Postal Serv., 343 F.3d 1260, 1263 (10th Cir. 2003).

In this case, Singletary sued Lukehart, a federal employee, for negligent conduct occurring in the course of his official duties as a United States Marshal. "The FTCA waives the federal government's sovereign immunity for 'the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" Elder v. United States, 312 F.3d 1172, 1176 (10th Cir. 2002) (quoting 28 U.S.C. § 1346(b)(1)). An action under the FTCA is

the exclusive remedy for someone claiming personal injuries arising out of the negligent conduct of a federal employee, 28 U.S.C. § 2679(b)(1), and the district courts of the United States have exclusive jurisdiction over such actions, 28 U.S.C. § 1346(b)(1). Because the United States was properly substituted as the defendant in this case, instead of Lukehart, and because by statute the federal district courts have exclusive jurisdiction over FTCA causes of action, Singletary's claim was properly removed from state to federal court.

Singletary next argues that the court erred in denying his three motions to remand the case back to the state court, particularly once it determined it lacked subject matter jurisdiction. He relies upon 28 U.S.C. § 1447(c), which states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This argument is misplaced. As we have indicated, pursuant to the FTCA, the federal district court had exclusive jurisdiction over Singletary's claim. The United States could not be subjected to suit in the Kansas state courts. We decline to waste further judicial resources by requiring the district court to remand Singletary's case to the Kansas state court, which would inevitably dismiss the matter for lack of jurisdiction.

## II. Discretionary Function Exception to Waiver of Immunity

The FTCA provides for exceptions to its waiver of immunity, including an exception for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty" by a federal agency or a government employee. 28 U.S.C. § 2680(a). "Because the exception applies 'whether or not the discretion involved [was] abused,' 28 U.S.C. § 2680(a), it is irrelevant whether the government employees were negligent." Elder, 312 F.3d at 1176; see Aragon v. United States, 146 F.3d 819, 822 (10th Cir. 1998).

"The discretionary function exception 'poses a jurisdictional prerequisite to suit, which the plaintiff must ultimately meet as part of his overall burden to establish subject matter jurisdiction.'" Id. at 823 (quoting Miller v. United States, 710 F.2d 656, 662 (10th Cir. 1983)) (further quotation omitted).

We employ the two-part test of Berkovitz v. United States, 486 U.S. 531, 536 (1988) to determine whether the discretionary function exception applies to particular conduct:

> The first step of the Berkovitz test requires this court to determine whether the challenged conduct "involves an element of judgment or choice," in which case it is discretionary and falls within the language of the exception, or whether it involves "a federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow," in which case the exception does not apply.

> If the conduct involves discretionary judgment under the first step of Berkovitz, then we must apply the second step, which requires this

court to "determine whether that judgment is the kind that the discretionary function exception was designed to shield." The exception protects only those discretionary actions or decisions which are "based in considerations of public policy." The purpose is to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."

Elder, 312 F.3d at 1176 (citations omitted) (quoting Kiehn v. United States, 984 F.2d 1100, 1102-03 (10th Cir. 1993) (quoting Berkovitz, 486 U.S. at 536-37)). "Discretionary conduct is not confined to the policy or planning level." United States v. Gaubert, 499 U.S. 315, 325 (1991). Indeed, "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." United States v. Varig Airlines, 467 U.S. 797, 813 (1984).

The district court found that the discretionary function exception to FTCA claims rendered it without subject matter jurisdiction over this case. After carefully reviewing that determination de novo, Duke v. Dep't of Agric., 131 F.3d 1407, 1409 (10th Cir. 1997), we affirm the district court's decision, for substantially the same reasons set forth in its thorough and well-reasoned decision.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge