Dana Lynn FANOELE, Plaintiff,

v.

The UNITED STATES of America and General Security Services Corporation, Defendants.

Civ. A. No. 95–2211–DES.

United States District Court, D. Kansas.

Sept. 28, 1995.

Steven J. Borel, Aldo P. Caller, Steven J. Borel and Associates, Kansas City, MO, for Dana Lynn Fanoele.

Janice M. Karlin, Office of United States Attorney, Kansas City, KS, for the United States.

Thomas E. Rice, Jr., Thomas N. Sterchi, Gretchen E. Schmidt, Baker, Sterchi & Cowden, Kansas City, MO, for General Security Services Corporation.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

### I. INTRODUCTION

This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 12); plaintiff's Motion for Stay of Ruling on the Government's Motion to Dismiss or in the Alternative, Motion for Extension of Time to Respond Pending Completion of Discovery (Doc. 19); and defendant United States of America's Motion to Stay Discovery (Doc. 22). Having reviewed the pleadings and the law, the court is prepared to rule.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA") and arises out of an incident which occurred on August 5, 1993, at the Frank Carlson Federal Building, 444 S.E. Quincy, Topeka, Kansas, which houses the United States District Court for the District of Kansas. Plaintiff asserts the court has jurisdiction over the cause of action pursuant to 28 U.S.C. § 1346(b), 28 U.S.C.

§ 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Defendant United States of America ("USA") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant claims this court is deprived of jurisdiction based on the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a).

For the following reasons the court finds that the motions in this case are inextricably intertwined and that the resolution of one is dependent upon the resolution of the others. The court further concludes that the defendant USA's Motion to Dismiss and Motion to Stay Discovery must be denied. Plaintiff's Motion for Stay of Ruling on the Government's Motion to Dismiss or in the Alternative, Motion for Extension of Time to Respond Pending Completion of Discovery is denied as moot.

### III. *DISCUSSION*

■ "The FTCA, 28 U.S.C. § 1346(b), generally authorizes suits against the United States for damages

"for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Berkovitz v. United States,* 486 U.S. 531, 535, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988). This authorization waives the sovereign immunity generally accorded the United States of America. *Taitt v. United States,* 770 F.2d 890 (10th Cir.1985). This waiver of immunity "marks the boundary between Congress's willingness to impose tort liability upon the United States and its desires to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines,* 467 U.S. 797, 808, 104 S.Ct. 2755, 2762, 81 L.Ed.2d 660 (1984).

Built within this waiver, however, is an exception which provides:

"[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

28 U.S.C. § 2680(a).

In all cases, it is "the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *Id.* 467 U.S. at 813, 104 S.Ct. at 2764. "In examining the nature of the challenged conduct, a court must first consider whether the action is a matter of choice for the acting employee. This inquiry is mandated by the language of the exception; conduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz,* 486 U.S. at 536, 108 S.Ct. at 1958.

■ Following a review of pertinent United States Supreme Court cases which explore the question of what constitutes a discretionary function or duty, the Tenth Circuit Court of Appeals said:

A review of these cases, and others, reveals that the determination of whether or not a given act by the United States is discretionary, and so excluded from coverage under the Federal Torts Claims Act is very much a factual issue, depending upon evidentiary circumstances present in each individual case.

*Howard Routh & Sons v. United States,* 668. F.2d 454, 456 (10th Cir.1981). This view was reiterated in *Taitt,* where the court reversed the district court and held that a ruling that the government's conduct was not tortious was premature because of the denial of discovery.

The court finds this reasoning persuasive and is reluctant to decide any issue of such magnitude without allowing an opportunity for discovery. Because the factual issues and the evidence to support those issues are not now knowable to the plaintiff, the court is not inclined to foreclose her avenue to explore the matter further.

■ In addition, the court is persuaded by those cases which adhere to the following position.

When a federal statute serves as both the basis for the court's subject matter jurisdiction and the plaintiff's substantive claim, the motion to dismiss for lack of jurisdiction should not be granted unless the claim is immaterial, insubstantial, or frivolous.

*St. Mary of the Plains College v. Higher Ed. Loan Program*, 724 F.Supp. 803, 805 (D.Kan. 1989). When a jurisdictional question is intertwined with the merits of the case and subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, a Rule 12(b)(1) motion to dismiss is inappropriate. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995).

In the case before this court, plaintiff's substantive claim and the basis for this court's jurisdiction both rest in the Federal Tort Claims Act. A motion to dismiss prior to discovery, which challenges jurisdiction, if granted, precludes the plaintiff from pursuing her substantive claims under the FTCA. That result is unduly harsh. In such instances, the court should find jurisdiction, allow discovery, and determine the merits of the claim pursuant to Rule 12(b)(6). *Id.*

## IV. CONCLUSION

There is no evidence that plaintiff's claim is immaterial or insubstantial. There is no evidence that plaintiff's claim is frivolous or of a vexatious nature. The development of the evidentiary circumstances are critical to the determination of whether or not any given act or acts by the defendants were discretionary in nature. To halt this case prior to a gleaning of the evidence by all parties is premature and unwarranted. The court declines to so act.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant United States of America's Motion to Dismiss (Doc. 12) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Stay of Ruling on the Government's Motion to Dismiss or in the Alternative, Motion for Extension of Time to Respond Pending Completion of Discovery (Doc. 19) is denied as moot.

**IT IS FURTHER ORDERED** that defendant United States of America's Motion to Stay Discovery (Doc. 22) is denied.