**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SEDRICK LATROY MCKINNEY,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 10-1478
(D.C. No. 1:07-CV-00838-PAB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Sedrick Latroy McKinney, a federal prisoner proceeding pro se, appeals from the district court's dismissal of his action on statute of limitations grounds, its denial of his motion to compel discovery, and its denial of a post-judgment motion he filed under Federal Rule of Civil Procedure 59(e). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND[1]

McKinney filed a complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 (FTCA), alleging injuries arising from his imprisonment in a federal prison. More specifically, he claimed that while incarcerated at the United States Penitentiary in Florence, Colorado, officials of the Federal Bureau of Prisons (BOP) housed him in a cell with Richie Hill. Hill assaulted McKinney. McKinney claimed BOP officials breached a duty of care in housing him with Hill because they knew Hill was on disciplinary segregation and posed a danger toward cell mates.

The United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) based on the two-year and six-year statutes of limitations set out in 28 U.S.C. § 2401. Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

[1] The background facts are taken from McKinney's amended complaint and the parties' other filings. Because McKinney has proceeded pro se throughout this case, we afford his filings a liberal construction but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

These limitations periods are jurisdictional. *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

After reviewing the allegations, a magistrate judge recommended that the motion be granted. Observing that, outside of the medical malpractice context, FTCA claims generally accrue on the date of the injury's occurrence, *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003), the magistrate judge concluded that McKinney's FTCA claim accrued on March 9, 2000, when the attack took place. Consequently, under the two-year statute of limitations in § 2401(b) and the requirements of 28 U.S.C. § 2675(a),[2] McKinney had to adequately present his tort claim to the BOP within two years, i.e., by March 9, 2002, or his claims would be forever barred. The administrative presentation of a claim under the FTCA requires a claimant to provide "written notification of an

---

[2]     Section 2675(a) is part of the FTCA and provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

Examining whether McKinney made any attempts to present his claim to the BOP, the magistrate judge first considered a BP-10 Regional Administrative Remedy Appeal (BP-10) McKinney filed with prison officials on June 26, 2000. The BP-10 is not in the record, but the response by the Regional Director indicates McKinney alleged that prison "staff placed [his] life at risk when [he was] placed in the Special Housing Unit, in an overcrowded cell, and with a psychologically disturbed inmate who was on disciplinary segregation status, while [McKinney was] on administrative detention status." R., Vol. 1 at 285. The Regional Director rejected these contentions, stating that "[p]rior to you being assaulted, there were no separation concerns with the inmates you were being housed with on March 9, 2000." *Id.* The Regional Director also stated that "[a]ccording to the Special Housing Unit records, there is no evidence to prove the two of you were being housed together in a cell while you were on administrative detention status and your cell mate was on disciplinary segregation status." *Id.* The Regional Director further noted that, because McKinney had not requested any remedy, the response to his BP-10 was "for information purposes only." *Id.* The magistrate judge concluded that the absence of any request for

"damages in a sum certain" rendered this attempt at presenting his FTCA claim insufficient under 28 C.F.R. § 14.2(a).

The magistrate judge next considered whether an administrative tort claim McKinney filed with the BOP on April 17, 2006, satisfied the presentation requirements. Because this claim was filed nearly four years after the two-year statute of limitations had run, the magistrate judge concluded that this attempt was untimely and therefore did not satisfy § 2401(b).

The magistrate judge also considered whether a civil suit McKinney filed against prison officials on March 13, 2002, met the presentation requirements. However, the magistrate judge concluded that filing the suit, which concerned the assault, did "'not constitute adequate notice to the federal agency' as required by § 2675(a)," R., Vol. 1 at 324 n.7 (quoting *Cizek*, 953 F.2d at 1234), and that, in any event, it was filed outside the two-year limitations period of § 2401(b).

Based on McKinney's failure to adequately present his claim to the BOP within two years of its accrual, the magistrate judge concluded that § 2401(b) forever barred his claim unless he could show that it accrued at a later date. To that end, the magistrate judge considered two other arguments: (1) that accrual of the claim should be governed by the "discovery rule," under which "an FTCA claim accrues at the time when a reasonably diligent plaintiff would have known of the injury and its cause," *Cannon*, 338 F.3d at 1190; and (2) that the statute of limitations should be equitably tolled. In support of these arguments, McKinney

claimed BOP officials fraudulently concealed documents in Hill's central file showing that, contrary to the statements in the response to McKinney's BP-10, Hill was on disciplinary segregation at the time he was confined with McKinney and therefore it was foreseeable that he posed a violent threat to any cell mate. McKinney apparently uncovered this evidence as a result of deposing Hill on December 8, 2008, in his civil suit and claimed it showed that BOP officials lulled him into inaction with regard to his tort claim. In his deposition, Hill stated, among other things, that he had seen a BOP memorandum warning prison staff not to house him with other inmates because of his mental illness and violent tendencies.

The magistrate judge rejected these arguments, recognizing that "'accrual need not await awareness by the plaintiff that his injury was negligently inflicted.'" R., Vol. 1 at 325 (alteration and internal quotation marks omitted) (quoting *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). The magistrate judge also noted several other applicable legal principles. Under the FTCA, "'a claimant is aware of [an] injury once apprised of the general nature of the injury,'" and "'the discovery rule[] applies only in the exceptional case where a reasonably diligent plaintiff could not immediately know of the injury and its cause.'" R., Vol. 1 at 325-26 (alterations and internal quotation marks omitted) (quoting *Cannon*, 338 F.3d at 1190). "'[T]he discovery rule should be applied only when the injury is unknowable by its very essence, i.e., its

-6-

existence at the critical moment simply cannot be ascertained.'" R., Vol. 1 at 326 (brackets in original) (internal quotation marks omitted) (quoting *Dahl v. United States*, 319 F.3d 1226, 1229 (10th Cir. 2003)).

Applying these principles, the magistrate judge ruled that the essence of McKinney's injury did not render it unknowable or unascertainable at the time it occurred or by the time he filed his BP-10 on June 26, 2000. The magistrate judge also concluded that there was no indication that BOP officials lulled McKinney into inaction and prevented him from filing an administrative tort claim, nor was this an exceptional case because, by the time McKinney filed his BP-10, it was clear he "believed that BOP officials were responsible for his injuries." R., Vol. 1 at 326.

The magistrate judge next considered the six-year limitations period of § 2401(a) and determined that, regardless of whether McKinney's FTCA claim accrued on March 9 or June 26, 2000, his first complaint, filed on April 24, 2007, was untimely even if his cause of action was not barred by § 2401(b).

Finally, the magistrate judge denied McKinney's "Motion for Order Compelling Disclosure of Trial Exhibits from Inmate Ritchie Hill's Central File," reasoning that the materials concerned the merits of a case the magistrate judge was recommending for a jurisdictional dismissal.

The district judge accepted the magistrate judge's recommendation over McKinney's objections. The district judge noted that McKinney "object[ed] on

the ground that the limitations period should be tolled because prison officials concealed the nature of their involvement in housing [him] with the mentally disturbed inmate." R., Vol. 1 at 365. The district judge rejected this contention, concluding that the FTCA clock began to run when McKinney was injured regardless of whether he then knew or suspected that prison officials acted negligently in housing him with Hill. Moreover, the district judge said, even if the discovery rule applied, McKinney accused prison staff of culpability in the BP-10 he filed on June 26, 2000, and therefore sufficiently suspected, at that time, that they were responsible for his injury. Measuring from that date, the district judge determined that McKinney's April 2006 administrative tort claim was filed well beyond the two-year limitation of § 2401(b) and therefore did not satisfy the FTCA's exhaustion requirement. Because the district judge agreed with the recommendation to dismiss for lack of jurisdiction, he also affirmed the magistrate judge's denial of McKinney's motion to compel.

McKinney filed a Rule 59(e) motion, arguing that the district court had overlooked his "claim" of fraudulent concealment, which he again contended tolled the statute of limitations. The district court denied the motion, pointing out that it had in fact addressed and rejected McKinney's argument. McKinney then filed this appeal.

## II.    DISCUSSION

We review de novo a district court's dismissal for lack of jurisdiction.  *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).  But we review for abuse of discretion its decision regarding equitable tolling, *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004), its denial of a motion to compel discovery, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008), and its denial of a Rule 59(e) motion, *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

McKinney argues that the district court erred in (1) denying his motion to compel because he needed the information in Hill's central file to support his fraudulent concealment claim; (2) denying his Rule 59 motion because the district court failed to address his fraudulent concealment claim; and (3) granting defendant's motion to dismiss because the jurisdictional question arises from the same statute as does his substantive claim, and the two questions are intertwined. In support of his third argument, he relies on *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), to argue that a motion to dismiss under Rule 12(b)(1) is inappropriate in this context.  He further contends that statutory congruity of jurisdiction and the merits permits dismissal only when "'the claim is immaterial, insubstantial, or frivolous.'"  Aplt. Opening Br. at 16 (quoting *Fanoele v. United States*, 898 F. Supp. 822, 824 (D. Kan. 1995)).

Having thoroughly reviewed the record, the parties' arguments, and the controlling law, we affirm the district court's dismissal, its denial of McKinney's motion to compel, and its denial of his Rule 59(e) motion for substantially the same reasons stated in the magistrate judge's recommendation, the district court's dismissal order, and the district court's order denying the post-judgment motion.

We add only three comments.

First, McKinney has not explained how discovery of the documents in Hill's central file would have furthered his equitable tolling argument. Moreover, it appears from the record that he was able to adequately apprise the district court of the basis for his argument without them. Thus, we see no abuse of discretion in the denial of his motion to compel discovery of those documents.

Second, to the extent McKinney contends that he set out a separate claim of fraudulent concealment in his complaint, it is clear from the record that he only raised fraudulent concealment as a justification for equitable tolling of the statute of limitations. The district court addressed this argument in its decision, and therefore the district court did not abuse its discretion in denying the Rule 59(e) motion.

Finally, the district court properly resolved this case under Rule 12(b)(1). Conversion of a Rule 12(b)(1) motion to one under Rule 12(b)(6) or to one for summary judgment is not required simply because "the merits and the jurisdictional issue arise under the same statute. Rather, the underlying issue is

whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (quotation omitted). Here, the district court was not required to resolve McKinney's substantive claim—whether prison officials acted negligently in housing him with Hill—when deciding whether McKinney timely presented an administrative claim or filed this action. *Cf. id.* at 1324-25 (explaining that exhaustion of administrative remedies is not part of a substantive discrimination claim under Title VII). Thus, McKinney's reliance on *Fanoele* for the proposition that the district court could not dismiss this case unless it considered his claims immaterial, insubstantial, or frivolous, is misplaced.

The judgment of the district court is AFFIRMED. McKinney's motion to proceed on appeal *in forma pauperis* is granted, and we remind him of his obligation to continue making partial payments until his appellate filing fee is paid in full.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
