**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID J.  D'ADDABBO,

        Plaintiff-Appellant,

    v.

UNITED STATES OF AMERICA,
ANDREW AUSTIN, Special Agent,
and MATT RICHARDS, Special
Agent,

        Defendants-Appellees.

No. 08-4142

(D. of Utah)

(D.C. No. 08-CV-02-TS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

David J. D'Addabbo, proceeding *pro se*, appeals the order entered by the

district court granting the motion to dismiss filed by Andrew Austin and Matt

Richards, Treasury Inspector General for Tax Administration Special Agents

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

("Special Agents"), and the United States. Because the district court did not err in granting that motion, we AFFIRM.

## I. Background

On March 15, 2006, a grand jury indicted D'Addabbo for violating 26 U.S.C. § 7212(a) (prohibiting attempts to interfere with the administration of internal revenue laws). A warrant for his arrest issued that day. Then, on March 19, 2006, Special Agents Austin and Richards arrested D'Addabbo. A superceding indictment was filed, adding more charges for conduct that occurred during the arrest, including threatening a federal official. Three counts were eventually dropped, and D'Addabbo entered a guilty plea on the threatening a federal officer charge. In his Statement in Advance of Plea, D'Addabbo admitted he threatened to assault Special Agent Richards after his arrest. He waived his right to appeal a reasonable sentence, and was sentenced to time served and three years' supervised release.

On November 29, 2007, D'Addabbo filed this civil action in state court, which the defendants removed to the United States District Court for the District of Utah. Prior to filing suit, D'Addabbo did not file an administrative claim with the Treasury Inspector General for Tax Administration pursuant to the Federal Tort Claims Act (FTCA) regarding his allegations. Afterwards, though, he did send a December 4, 2007 letter to the "Inspector General US Treasury." The Department of Treasury acknowledged receipt of D'Addabbo's information

related to the Special Agents on January 7, 2008, which complained of the conduct of the Special Agents during his arrest. D'Addabbo also argues that he sent claims to the IRS for years, but did not receive a response.

The causes of action alleged by D'Addabbo in his pro se complaint are not entirely clear. He appears to have asserted several claims, including constitutional and civil rights violations and common law torts against the Office of the Treasury General for Tax Administration and the Special Agents. He alleges that he was and is investigating crimes of the Internal Revenue Service, and that investigation led to his false arrest. He seeks $158 million in damages for the 158 days he spent in jail.

The district court dismissed the complaint on subject matter jurisdiction and qualified immunity grounds.

## II. Discussion

This court reviews de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998)). The same de novo standard applies to our review on qualified immunity grounds. *See Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). We note that a *pro se* litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). D'Addabbo makes tort claims both against the United States and against Special Agents Austin and Richards.  We address each in turn.[1]

## A.  Tort Claims Against the United States

D'Addabbo first claims that the defendants are liable for his false arrest and their misconduct concerning his arrest.  The district court dismissed these claims because D'Addabbo failed to exhaust his administrative remedies pursuant to the FTCA.  We agree.

D'Addabbo's tort claims against the United States arise under the FTCA, which "provides the exclusive avenue to assert a claim sounding in tort against

[1] Additionally, D'Addabbo seems to argue that his case should not have been removed to federal court and the United States should not have been substituted as a defendant for the Office of the Treasury General for Tax Administration. We disagree and discern no error by the district court on those grounds.  As the district court explained, under 28 U.S.C. § 2679(d)(2), upon "certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," which occurred here, "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States."  Thus, the removal was proper.

Moreover, under 28 U.S.C. § 2679(d)(1), upon "certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant."  Consequently, the substitution was also proper.

Finally, D'Addabbo appears to argue that his plea was not proper. D'Addabbo, however, knowingly and voluntarily waived his rights to review, as the record makes clear.

the United States." *See In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) (citing 28 U.S.C. § 2679(a)); 28 U.S.C. § 1346(b). "Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee." *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (citing 28 U.S.C. § 2675(a)[2]; *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977)). This administrative exhaustion requirement is jurisdictional and cannot be waived. *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003); *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989). A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a); *see also Industrial Constructors Corp.,* 15 F.3d at

---

[2] 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
(emphasis added).

967. "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a). Furthermore, a "tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual and suit is commenced within six months of notice of the claim's denial by the agency." *Industrial Constructors Corp.,* 15 F.3d at 967 (citing 28 U.S.C. § 2401(b) and *Casias v. United States*, 532 F.2d 1339, 1341 (10th Cir. 1976)).

*Pro se* claimants are bound by the same rules. The Supreme Court has affirmed the dismissal of an FTCA claim by a *pro se* plaintiff who failed to exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Although we afford D'Addabbo's *pro se* filings the degree of leeway they are due, we discern no error in the district court's determination that D'Addabbo failed properly to exhaust administrative remedies.

To overcome this problem, D'Addabbo claims a letter he sent to the Department of Treasury satisfies the exhaustion requirement. We disagree for several reasons. First, D'Addabbo mailed the letter *after* filing suit; exhaustion, however, is a prerequisite to bringing a civil action against the United States in this context. *See Industrial Constructors Corp.*, 15 F.3d at 967. The Supreme

Court has held that the FTCA exhaustion requirement was not satisfied by a *pro se* claimant who exhausted administrative remedies after filing his complaint. *McNeil*, 508 U.S. at 111 (deeming the text of 28 U.S.C. § 2675(a) unambiguous); *cf. Mires v. United States*, 466 F.3d 1208 (10th Cir. 2006) (distinguishing *McNeil*, where the plaintiff did nothing to commence a new action after exhausting administrative remedies, and allowing a petitioner, with the government's consent, to file an amended complaint curing an exhaustion problem). Here, even if D'Addabbo's letter and the Department's response were to establish the exhaustion of administrative remedies, there is no evidence that D'Addabbo filed an amended complaint after exhausting those remedies, attempting to cure the exhaustion problem.

Additionally, even if timely we agree with the district court that D'Addabbo's letter and the Department's response that it had received the letter do not establish that D'Addabbo exhausted administrative remedies under the FTCA. We note that D'Addabbo's letter failed to assert a sum certain, as required. But even if we construe the letter and its attachments as satisfying the presentment requirements, viewing them in the light most favorable to D'Addabbo, we still find the showing insufficient to establish exhaustion. The Department never denied the claim, and D'Addabbo makes no allegation that it did. And we have no basis on this record to conclude that the Department failed to review and respond to any allegations of misconduct in a timely manner.

The district court thus correctly concluded that it lacked subject matter jurisdiction over these claims.  We discern no error in this conclusion.

## B.  Claims against Special Agents Austin and Richards

Next, D'Addabbo alleges that the Special Agents violated his constitutional rights in their official and individual capacities.  We find the district court did not err, however, in concluding that (1) sovereign immunity barred the claims of constitutional torts against the Special Agents in their official capacities, and (2) the Special Agents were entitled to qualified immunity in their individual capacities.

(1)  "In general, federal agencies and officers acting in their official capacities are . . . shielded by sovereign immunity."  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  The FTCA grants federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable, 28 U.S.C. § 1346(b); *Richards v. United States*, 369 U.S. 1, 6 (1962), but, as the Supreme Court has explained, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."  *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).  Refined further, we have held under these lines of cases that a claimant cannot bring a suit against a federal officer in his official capacity seeking money damages for a constitutional violation.  "Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a

United States agent operates as a claim against the United States. . . . Because a [constitutional tort] claim may not be brought directly against the United States as such, an 'official capacity [constitutional tort] suit' would be an oxymoron." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

Accordingly, we agree with the district court that the claims against the Special Agents in their official capacity are barred by sovereign immunity.

(2)  D'Addabbo's claims against the Special Agents in their individual capacities also fail.  They are barred by qualified immunity.

When a defendant raises a claim of qualified immunity, the court must determine whether, on the facts alleged, the plaintiff has sufficiently asserted the violation of a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *York v. City of Las Cruces*, 523 F.3d 1205, 1209 (10th Cir. 2008).  If no constitutional right has been violated, were the allegations established as true, then no further inquiry concerning qualified immunity is required.  *Cortez v. McCauley,* 478 F.3d 1108, 1114 (10th Cir. 2007) (en banc) (citing *Saucier*, 533 U.S. at 201).  At the motion to dismiss stage under Federal Rule of Civil Procedure 12(b)(6), we ask whether the allegations "plausibly support a legal claim for relief."  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  Here, they do not.

D'Addabbo's allegations against the Special Agents stem from his March 2006 arrest, which he claims violated his constitutional rights.  But probable

cause supported the arrest. The Special Agents arrested D'Addabbo only after a grand jury indicted him, and pursuant to a warrant. "[A]n arrest is valid and does not violate the Fourth Amendment if the warrant underlying it was supported by probable cause at the time of its issuance." *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007). Moreover, "[t]he return of an indictment by a grand jury is a conclusive determination of the issue of probable cause. If the indictment is fair upon its face and properly found and returned, the trial court cannot look behind the indictment to determine if it is based on inadequate or incompetent evidence." *United States v. Nunez*, 668 F.2d 1116, 1125–26 (10th Cir. 1981) (citing *United States v. Kysar*, 459 F.2d 422, 424 (10th Cir. 1972); *see also Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 118 n.19 (1975) ("[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause.")). D'Addabbo's allegations do not sufficiently assert the violation of a constitutional right.

If that were not enough, our cases also bar civil claims that impugn the integrity of outstanding criminal judgments. To do so would necessarily imply the invalidity of the judgment, which the Supreme Court has said requires the criminal judgment to be "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Heck v. Humphrey*, 512, U.S. 477, 487 (1994). Here, D'Addabbo's complaint necessarily challenges the validity of his incarceration pursuant to the initial arrest and his threat to the Special Agent on which he was convicted, and is infirm for that reason as well.

Because D'Addabbo failed to carry his burden of demonstrating a constitutional violation, the Special Agents are entitled to qualified immunity.

**C.  Civil Rights Claim**

D'Addabbo also raises a civil rights claim that was not developed below. He appears to refer to 42 U.S.C. § 1985(3), which establishes a cause of action for conspiracy to deprive a person of his or her civil rights. "The essential elements of a 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citation omitted). "[Section] 1985(3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (internal citation omitted).

D'Addabbo has not sufficiently alleged that he was the victim of race or class-based invidiously discriminatory animus, so this claim fails as well.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge