**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERTO BARRIO,

    Defendant - Appellant.

No. 21-6103
(D.C. No. 5:00-CR-00025-R-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Roberto Barrio, proceeding pro se,[1] appeals the district court's denial of his

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Exercising

jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Although we liberally construe pro se filings, we do not assume the role of advocate."  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation omitted).

**I**

Barrio and others "were charged in a superseding indictment with various drug offenses." *United States v. Barrio*, 41 F. App'x 169, 171 (10th Cir. 2002). Count 1 charged Barrio with conspiring from 1996 to 2000 to possess with an intent to distribute more than five kilograms of cocaine powder, more than 50 grams of cocaine base, and more than 100 grams of phencyclidine (PCP), in violation of 21 U.S.C. § 846(a)(1). *Id.* Counts 3, 6, 7, and 9 charged Barrio with causing interstate travel in aid of an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3). *Id.* Counts 8, 10, and 13 charged Barrio with using a telephone to facilitate cocaine distribution, in violation of 21 U.S.C. § 843(b). *Id.* At the conclusion of the government's evidence, the district court entered a judgment of acquittal as to Count 13. *Id.* at 172. The jury subsequently convicted on all other counts. *Id.* In special interrogatories on the verdict form, the jury found the conspiracy involved more than 50 grams of crack cocaine and more than five kilograms of powder cocaine. *United States v. Barrio*, 849 F. App'x 762, 764 (10th Cir. 2021).

On October 5, 2000, the United States Probation Office released its revised presentence investigation report ("PSR"). ROA, Vol. 2 at 15–37. The PSR recommended holding Barrio accountable for more than 100 kilograms of cocaine base, resulting in a base offense level of 38. *Id.* at 24. It also recommended finding that Barrio was an organizer or leader of criminal conduct involving five or more people, resulting in a four-level enhancement. *Id.* at 24–25. Accordingly, the PSR recommended a total offense level of 42 and a criminal history category of VI because Barrio qualified as a

career offender based on three prior convictions involving possession of narcotics for sale. *Id.* at 25, 27–28.

At sentencing, the district court adopted the PSR's factual findings and guidelines applications. *Id.* at 13. The district court sentenced Barrio to mandatory life imprisonment on Count 1;[2] 60 months' imprisonment on Counts 3, 6, 7, and 9; and 48 months' imprisonment on Counts 8 and 10, each to run concurrently to each other. *Id.* at 8. Barrio appealed, and this court affirmed. *Barrio*, 41 F. App'x at 177.

Over the last two years, Barrio repeatedly has sought to modify his sentence. On February 22, 2019, he filed a motion seeking a sentence reduction based on Section 404 of the First Step Act and Amendments 706, 711, 750, and 782 to the Sentencing Guidelines. ROA, Vol. 1 at 72–79. The district court denied the motion, finding that the Fair Sentencing Act would not have affected his sentence because the object of his conspiracy included the distribution of five kilograms or more of powder cocaine. *Id.* at 125–30. Barrio appealed, and this court affirmed. *Barrio*, 849 F. App'x at 765.

On August 12, 2019, Barrio filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). ROA, Vol. 1 at 106–09. The district court denied the motion because Barrio already had begun a new round of compassionate release filings with the Bureau of Prisons. *Id.* at 131–32. Barrio did not appeal from that order.

---

[2] "The verdict form contained special interrogatories in which the jury specifically found the conspiracy involved more than 50 grams of crack cocaine and more than five kilograms of powder cocaine. Based on those findings and because Barrio had three prior felony drug convictions, the then-existing version of § 841(b)(1)(A) required the district court to impose a life sentence." *Barrio*, 849 F. App'x at 764.

On April 6, 2020, Barrio filed a new motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* at 137–39. On April 30, 2020, the district court denied his motion because Barrio failed to exhaust his administrative remedies. *Id.* at 141–47. While the district court primarily rested on its conclusion that exhaustion was jurisdictional, it also explained that it would enforce the exhaustion requirement even if it were a claim-processing rule. *Id.* at 142–45, 145 n.2. Again, Barrio did not appeal.

On October 23, 2020, Barrio filed a third motion pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* at 148–52. On April 6, 2021, the district court again found that Barrio failed to show that he had fully exhausted his administrative remedies, explaining that he failed to appeal the warden's timely denial of his request for compassionate release. *Id.* at 200–04. Barrio did not appeal that order.

On May 25, 2021, Barrio filed his fourth motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which is the motion at issue in this appeal. *Id.* at 205–09. As "extraordinary and compelling reasons" warranting a reduction, Barrio pointed to (1) his life sentence, which was mandatory at the time of sentencing; (2) the amount of time he had served; and (3) his post-sentencing rehabilitation efforts. *Id.* at 206. Barrio also claimed that he had contracted COVID-19 on two occasions, but he admitted that he had fully recovered, had "no noticeable ailments or side effects," and was "healthy for his age." *Id.* at 207. He also sought leave to file an affidavit in support of his motion, detailing alleged difficulties with the exhaustion process and asserting that he initiated a

4

new round of administrative remedies in April of 2021.[3]  *Id.* at 211–13.  He reiterated

these exhaustion issues in a second pleading.  *Id.* at 215–19.  Finally, he submitted a

series of exhibits in support of his motion.  *Id.* at 221–27.

On August 27, 2021, the district court dismissed Barrio's motion for

compassionate release because he did "not present any extraordinary circumstance[s]

compelling his release."  *Id.* at 260–66.  While the district court cited the commentary to

U.S.S.G. § 1B1.13, it explained that the commentary "guide[d], but d[id] not confine,

[the district court] in its analysis of extraordinary and compelling circumstances

warranting a sentence reduction."  *Id.* at 264–65.  The district court then addressed

Barrio's proffered reasons, which it broadly grouped into age, time served, and

rehabilitation.  In response to Barrio's arguments that his age (81) and his time served of

20 years on his life sentence support a grant of compassionate release, the district court

concluded Barrio did not meet the U.S.S.G. § 1B1.13(1)(B) criteria, which required a

defendant who is at least 70 years old to have served at least 30 years in prison on a

sentence imposed under 18 U.S.C. § 3559(c) (mandatory life imprisonment).  Thus, the

court concluded it could only grant Barrio relief under 18 U.S.C. § 3582(c)(1)(A) if it

found that "extraordinary and compelling reasons warrant such a reduction."  The district

court then explained that Barrio's proffered reasons were not sufficiently extraordinary

---

[3] Throughout his pleadings, Barrio presented three dates for when he submitted the April 2021 request to the warden—April 19, 2021, ROA, Vol. 1 at 217; April 21, 2021, *id.* at 212; and April 23, 2021, *id.* at 218.

and compelling to warrant a reduction in his sentence—either individually or in combination. *Id.* at 265–66.

Barrio filed a timely notice of appeal.[4] *Id.* at 267.

## II

A court may reduce a term of imprisonment, also known as granting compassionate release, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Before reducing a term of imprisonment, the district court first must find that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In addition, the court may only reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable." *Id.*

---

[4] Contrary to Fed. R. App. P. 3(c)(1)(B), Barrio did not designate any order of the district court in his notice of appeal. *See* ROA, Vol. 1 at 267. Instead, the documents Barrio designated were his § 3582(c)(1)(A) motion (Doc. 1110) filed on May 25, 2021; his motion for leave to submit an affidavit in support of his motion (Doc. 1111) filed on May 25, 2021; and his motion for leave to supplement his motion with a verified release plan (Doc. 1120) filed on July 26, 2021. The district court's order disposing of these pleadings was filed on August 27, 2021. *Id.* at 266. Despite Barrio's failure to designate the district court's order, this court still has jurisdiction. *See Sanabria v. United States*, 437 U.S. 54, 67 n. 21 (1978) ("A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced.").

Accordingly, we have held that the plain language of § 3582(c)(1)(A) imposes three

requirements:

> (1) the district court finds that extraordinary and compelling
> reasons warrant such a reduction;
>
> (2) the district court finds that such a reduction is consistent
> with applicable policy statements issued by the Sentencing
> Commission; and
>
> (3) the district court considers the factors set forth in § 3553(a), to the
> extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The district court may

deny a motion for compassionate release by finding any one requirement unsatisfied,

"without considering the others." *United States v. Hald*, 8 F.4th 932, 936–37 (10th Cir.

2021).

The commentary to U.S.S.G. § 1B1.13 describes extraordinary and compelling

circumstances as follows:

> **(A) Medical Condition of the Defendant.**
>
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious
> and advanced illness with an end of life trajectory). A specific
> prognosis of life expectancy (i.e., a probability of death within a
> specific time period) is not required. Examples include metastatic
> solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage
> organ disease, and advanced dementia.
> **(ii)** The defendant is–
> > **(I)** suffering from a serious physical or medical condition,
> > **(II)** suffering from a serious functional or cognitive
> > impairment, or
> > **(III)** experiencing deteriorating physical or mental health
> > because of the aging process, that substantially diminishes the
> > ability of the defendant to provide self-care within the
> > environment of a correctional facility and from which he or she
> > is not expected to recover.

7

**(B) Age of the Defendant.** The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.**
> **(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. 1.  These policy statements guide, but do not confine, the court in its analysis of extraordinary and compelling circumstances warranting a sentence reduction.  *McGee*, 992 F.3d at 1043–45.

We review the denial of a sentence reduction under § 3582(c) for abuse of discretion.  *United States v. Mannie*, 971 F.3d 1145, 1154 (10th Cir. 2020).  Because a sentence has already been imposed, "this court reviews not the propriety of the sentence itself, but the propriety of the district court's grant or denial of the motion to reduce the sentence."  *Id.* at 1155.  "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

### III

Barrio challenges the district court's order denying his motion for compassionate release on the following bases: (1) the district court overlooked some of Barrio's arguments regarding "extraordinary and compelling reasons"; (2) the district court improperly concluded that it lacked "standing or subject matter jurisdiction" to address some of Barrio's claims; (3) the district court impermissibly "cherry-picked" arguments and portions of *McGee* in denying his motion; and (4) the district court failed to properly treat Barrio as a pro se litigant.

We conclude that the district court did not abuse its discretion in denying Barrio's motion because it properly determined that he failed to show extraordinary and compelling reasons warranting a reduction. We will consider each of Barrio's arguments in turn.

### A.    Extraordinary and Compelling Reasons

Barrio first argues that the district court overlooked two of his arguments regarding extraordinary and compelling reasons: (1) "considering elderly offender that has completed 'the lion's share' of the life sentence imposed in 2000"[5] and (2) "relief from non-felony California predicate drug offense (1980) that enhanced his then 20-to-life dual object single count drug offense (cocaine powder—cocaine base single count) to mandatory minimum of life pursuant to 21 USC [§] 841(b)(1)(A)(ii) and 851(a)." Aplt.

---

[5] We note here that Barrio makes no claim that he is suffering from a serious physical or medical condition. He states he is healthy for his age and works full time at his prison job. ROA, Vol. 1 at 208.

Br. at 3, 10–11.

In his motion for compassionate release, Barrio argued based on *McGee* that "nothing in . . . the First Step Act indicates that Congress intended to prohibit district courts, on an individual case-by-case basis from granting sentence reductions under § 3582(c)(1)(A)(i)." ROA, Vol. 1 at 206. He claimed that his "case characteristics resemble[] those in . . . McGee . . . based in § 841(b)(1)(A)(ii) mandatory life mandate and peculiar similarities of offense characters[,] including approximate time served and combined post sentencing rehabilitation efforts." *Id.* He then asked for relief based on "an otherwise unusually long sentence per today's standard [Post-First Step Act-2018]." *Id.* at 207.

As to Barrio's claim about serving "the lion's share" of his sentence, the district court considered this claim and found that it was neither extraordinary nor compelling in his circumstances. The district court discussed Barrio's arguments on this point as suggesting that "his . . . time served . . . justif[ied] release." ROA, Vol. 1 at 265. The district court determined that "the imposition of a sentence that was not only permissible but statutorily required at the time [it was imposed] is neither an extraordinary nor a compelling reason to now reduce the same sentence." *Id.* at 265–66 (quoting *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring)). The district court recognized, consistent with *McGee*, that the change in the law could constitute an extraordinary and compelling reason if paired with "multiple inadequate circumstances." *Id.* at 266 (citing *McGee*, 992 F.3d at 1048). But the district court ultimately concluded that Barrio did not present the unique circumstances, taken together,

10

to show an extraordinary and compelling reason warranting a sentence reduction. *Id.*; *see also Maumau*, 993 F.3d at 838 (Tymkovich, C.J., concurring) (noting that cases where extraordinary and compelling reasons are based on sentencing arguments "should be relatively rare").

As to Barrio's claim about his predicate California conviction, Barrio contends that the district court overlooked this "independent ground[]" for relief. Aplt. Br. at 3, 10. But Barrio did not raise any allegation in his motion for compassionate release that his sentence should be reduced because he received relief from his predicate California conviction. Barrio's only mention of his predicate California conviction was that he had "twice petitioned the United States Attorneys Office to concede and stipulate the prior non-felony California drug convictions under the Holloway doctrine or the novel amendments rendered by the First Step Act-2018" and that he had "renewed his pleading to AUSA Timothy W. Ogilvie . . . and expect[s] him to concede this third time request." ROA, Vol. 1 at 208. As a result, the district court did not have an opportunity to address this claim, and "we adhere to our general rule against considering issues for the first time on appeal." *See United States v. Read-Forbes*, 843 F. App'x 131, 134 (10th Cir. 2021) (quoting *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012)).

We conclude that the district court did not abuse its discretion in determining that Barrio's circumstances were not extraordinary and compelling because it properly considered the amount of time that he already had served as well as the changes in sentencing law raised in Barrio's motion.

B.      **"Standing or Subject Matter Jurisdiction"**

Barrio next argues that the "the district court believe[d] it lack[ed] standing or subject matter jurisdiction to address [certain claims] because they were either outside the applicable policy statement in Section 1B1.13 or abandoned in administrative remedies exhaustion." Aplt. Br. at 3, 11–13. Specifically, Barrio claims that the district court impermissibly felt bound by U.S.S.G. § 1B1.13 and failed to consider his COVID-19 allegations. *Id.*; *see* U.S.S.G. § 1B1.13 cmt. 1.

As to Section 1B1.13, the record shows that the district court knew it was not bound by Section 1B1.13. The district court acknowledged that Section 1B1.13 "do[es] not boast the exclusive authority to define . . . the statutory phrase 'extraordinary and compelling reasons.'" ROA, Vol. 1 at 265 (quoting *McGee*, 992 F.3d at 1043). The district court instead remarked that Section 1B1.13 "guide[d], but d[id] not confine, [it] in its analysis of extraordinary and compelling circumstances warranting a sentence reduction." *Id.* The district court merely looked to the Section 1B1.13 commentary for guidance in formulating an independent definition of "extraordinary and compelling reasons," and district courts are permitted to use Section 1B1.13 for guidance. *See Hald*, 8 F.4th at 938 n.4 (explaining that "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"); *United States v. Carr*, 851 F. App'x 848, 853–54 (10th Cir. 2021) (noting that district courts may look to the Section 1B1.13 commentary for guidance as long as they still exercise independent authority and discretion when determining "extraordinary and compelling reasons").

As to any claims "abandoned in administrative remedies exhaustion," Barrio's only claim that the district court found to be unexhausted was his allegation regarding COVID-19. *See* ROA, Vol. 1 at 262 n.2. Despite the lack of exhaustion, the district court still considered his COVID-19 allegation. *Id.* But the district court ultimately rejected it as a reason for changing its analysis because Barrio had been fully vaccinated and thus "his danger of serious illness while in custody is drastically reduced." *Id.* Such a conclusion is not an abuse of discretion. *See, e.g.*, *Hald*, 8 F.4th at 939 n.5 (collecting district court cases and observing that access to vaccination, as well as prior infection and recovery from COVID-19, "would presumably weigh against a finding of extraordinary and compelling reasons").

We conclude that the district court did not abuse its discretion by looking to Section 1B1.13 for guidance and rejecting Barrio's COVID-19 argument.

## C.    Impermissible "Cherry-Picking"

Barrio also contends that the district court impermissibly "cherry-picked" his arguments and portions of *McGee* in denying his motion. Aplt. Br. at 3, 11–13. Barrio asserts that the district court "omit[ed] the 'true nature of ground' preserved in pro se filing and select[ed] weaker secondary combination grounds to deny [the] actual relief sought."[6] *Id.* at 11. In making this assertion, he claims that the district court ignored

---

[6] In support, Barrio cites two social security cases that touch on "improper cherry-picking" of the administrative record: *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007) (holding that an agency must explain the evidentiary support for its determination), and *Hardman v. Barnhart*, 362 F.3d 676 (10th Cir. 2004) (holding that an agency must give specific reasons for rejecting evidence as not credible). Aplt. Br. at 3, 11. We note that the holdings of *Haga* and *Hardman* apply to the judicial review of agency action,

three of his arguments: (1) the "*Holloway* Doctrine" applies to his case, (2) he should be granted relief from his sentence because mandatory life is no longer required, and (3) his conviction is unconstitutional. Aplt. Br. at 3, 11–13; *see United States v. Holloway*, 68 F. Supp. 3d 310, 315 (E.D.N.Y. 2014) (vacating two of defendant's stacked § 924(c) convictions based upon the United States' agreement).

As to the "*Holloway* Doctrine" claim, Barrio's only reference at the district court to the "*Holloway* Doctrine" was that he had "twice petitioned the United States Attorneys Office to concede and stipulate the prior non-felony California drug convictions under the *Holloway* doctrine." ROA, Vol. 1 at 208. On appeal, he points to letters he allegedly sent to the United States asking for "'Holloway Doctrine' consideration to withdraw Section 851(a) notice of enhancement." Aplt. Br. at 11–12. First, we note that the "*Holloway* Doctrine" is not so much a doctrine but rather a single case carrying no precedential weight on this court: The United States' action in *Holloway* was the result of the decision of one former United States Attorney, who acknowledged that the decision did not "reflect[] a broader view," and attempts to repeat that former United States Attorney's action in other cases and other districts have been nearly universally rejected. *Holloway*, 68 F. Supp. 3d at 315; *see also Wright v. United States*, 2018 WL 4854081, at *2 (E.D. Va. Oct. 5, 2018) (collecting cases). In any event, Barrio did not

---

which is not at issue in Barrio's case. The holdings of *Haga* and *Hardman* are further irrelevant because Barrio does not challenge any factual findings on appeal. Therefore, to the extent the "improper cherry-picking" holdings of *Haga* and *Hardman* can be applied in a § 3582(c)(1)(A) appeal, the district court did not err in addressing Barrio's arguments.

14

make this argument to the district court; he only made it to the United States. The district court therefore did not err by failing to consider an argument that was not presented to it in Barrio's compassionate release motion.

As to the mandatory life sentence claim, the district court acknowledged its ability to reduce Barrio's sentence. ROA, Vol. 1 at 265–66 (citing *Maumau*, 993 F.3d at 838 (Tymkovich, C.J., concurring)). But the district court ultimately concluded that Barrio's case lacked "multiple inadequate circumstances" and declined to exercise its discretion. *Id.* at 266. This was not an abuse of discretion, particularly when Congress itself decided that the changes to the enhanced mandatory minimum penalties for recidivist drug offenders—and to the qualifying convictions that trigger those enhancements—are not retroactive. *See* First Step Act of 2018, Pub. L. 115-391, § 401(c),132 Stat. 5194, 5221 (Dec. 21, 2018) ("FSA 2018").

As to the constitutionality of Barrio's conviction, the district court did not abuse its discretion in rejecting any alleged sentencing package concerns. Barrio contends that he qualifies for a sentence reduction under the First Step Act because "[t]he dual-object single count charge appears to now be unconstitutional where two statutory minimums and maximums are involved."[7] Aplt. Br. at 12–13. But the First Step Act did not modify

---

[7] Barrio also argues in passing that his conviction is unconstitutional because this court's decision in his last appeal, *United States v. Barrio*, 849 F. App'x 762, 764 (10th Cir. 2021), now conflicts with *United States v. Crooks*, 997 F.3d 1273 (10th Cir. 2021). But the *Crooks* holding concerned whether a defendant was eligible for First Step Act relief and whether his designation as a career offender was reviewable, which were not at issue in Barrio's case. *Crooks*, 997 F.3d at 1278–80. We therefore do not see any conflict between *Crooks* and Barrio's last appeal.

the statutory minimum or maximum penalty of Barrio's offense or the objects of the conspiracy. Instead, it authorized the court to "impose a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." FSA 2018, § 404(b), 132 Stat. at 5222 (emphasis added). Put simply, Section 404(b) did not modify the applicable statutory minimum or maximum penalty in a way that would make Barrio's existing sentence illegal and require modification of his sentence. *See* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

We therefore conclude that the district court properly considered Barrio's arguments and did not engage in impermissible "cherry-picking."

**D.    Pro Se Litigant**

Finally, Barrio argues that the district court did not give him the leeway normally afforded to pro se litigants because it required him to fully exhaust his administrative remedies. Aplt. Br. at 13–14. Barrio's argument fails for two reasons. First, exhaustion is required by statute, 18 U.S.C. § 3582(c)(1)(A), and a litigant's pro se status does not relieve him of the burden of exhaustion. *See, e.g.*, *D'Addabbo v. United States*, 316 F. App'x 722, 725 (10th Cir. 2008) (noting that the court affords pro se filings the degree of leeway they are due but pro se litigants still are bound by the applicable exhaustion rules). Second, on the one issue that the district court found had not been exhausted (COVID-19), the district court determined that its "analysis would not change" even if Barrio had exhausted his remedies because he had been fully vaccinated. ROA, Vol. 1 at 262 n.2. Because the district court would have reached the same result even if it had

waived exhaustion based on Barrio's pro se status, Barrio cannot show any error in the district court's treatment of him as a pro se litigant.

## IV

Because the district court did not abuse its discretion in denying Barrio's motion for compassionate release, we AFFIRM.  In addition, Barrio's pending motion for leave to proceed *in forma pauperis* is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge